PROST, Circuit Judge,
dissenting-in-part.
Failing to apply KSR to the facts of this case, the Board has concluded that the invention recited in claim 2 is non-obvious. Because I believe that a common sense application of the obviousness doctrine should filter out low quality patents such as this one, I cannot join the majority in endorsing the Board’s incorrect approach on this question. Thus, with respect, I dissent.
This case is about a paper carton. Claim 2 recites a carton for storing beverage cans, much like the twelve-pack container found all over the country. The patentee nonetheless claims that something about the way his box opens is special, in that it allows consumers to get to the cans quickly without ripping the box open and making a mess. Here is how it works: There is a finger flap (a removable area the size of a finger tip) on the top surface of the box. The finger-flap is centered on a tear-line, which marks the edge of the removable corner of the box. When the consumer wants to open the box, she inserts her finger through the flap and uses it as a grip to tear off the removable corner.
So far, so good. Except that somebody else beat the patentee to his idea by almost fifty years. United States Patent No. 3,178,242 (filed May 13, 1963) (“Ellis”) discloses a beverage carton with a removable corner and a finger opening:
[[Image here]]
FIG. 3, reproduced from Ellis
The only difference between Ellis and claim 2 lies — not in the opening mechanism — but in the can arrangement. The cans are staggered in Ellis, but stacked in claim 2.[1] Note, however, that the patentee did not invent the stacked arrangement; that is old too. Nor did he lack motivation to combine: There is no dispute that box-makers were familiar with advantages of cartons with a stacked can arrangement, including durability and efficient use of space, compared to those with a staggered arrangement.
So let’s be clear what claim 2 is about. The claimed invention takes the opening *1387 from Ellis, takes the stacked can configuration from another box, and puts them together. The result is — as one would expect — a box that has the known benefits of Ellis’s opening and the known benefits of a stacked can configuration.
Why is this assembly non-obvious? Because, the Board explains, the patentee has solved a difficult implementation problem, the solution to which was supposedly not obvious to box makers who lacked extraordinary skill. The secret lies in the proper positioning of the tear line. That is, according to the Board, ordinary box makers would not have put the tear line between the first two cans in the top row.
Where else could have they put it? There are just four other options: (1) above the first can, (2) above the second can, (3) in front of the first can, (4) behind the second can. The first two alternatives are just offensive to common sense: With the cans right below, there would be no room to push the flap through (the flap is positioned at the center of the tear line). The third and fourth options are not quite as illogical, but even without expertise in box making, one may intuit that they make awkward designs (the third opens too little, the fourth too much).
More importantly, however, whether some of the alternatives would work just as well or not, the patentee’s choice of tear-line-placement involves no more than the exercise of common sense in selecting one out of a finite — indeed very small— number of options. And there are no unexpected results: The opening works the same way that it did in Ellis, and the stacked can arrangement is the same as it was before. The patentee put the tear-line behind the first can; the opening exposed the first can. Had he put it behind the second can, two cans would have been exposed. That’s just obvious. See KSR Int’l Co. v. Teleflex, Inc., 550 U.S. 398, 416, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007) (“The combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results.”). Given twelve cans, some cardboard, a pair of scissors, and some time for trial and error, one of ordinary skill in box-making should be able to rearrange the cans in Ellis.
But it is not that simple, objects the Board, because Ellis teaches away from putting the tear-line between the first two cans in the top row. Ellis recommends putting the tear-line at some specific distance behind the first can in the bottom row. Because that recommendation is not necessarily suitable for a stacked can configuration, the Board concludes that claim 2 is non-obvious.
Of course Ellis teaches away from placing the tear-line between the two cans at some level; after all, Ellis is a patent for a carton with staggered cans. But one of ordinary skill in the art will not take Ellis’s recommendation (for placing the tear-line at a specific distance) literally, especially where that recommendation also hints: “The placement of the tear-line matters”; “Place the tear-line so that it helps expose a can”; and “Make sure there is room for a finger to pass through.” At any rate, even if one of ordinary skill takes Ellis’s recommendation literally at the outset, as I already explained, it should not take long to fix the problem.
The point here is not that the Board got the facts wrong. The point is that contrary to the Supreme Court’s instructions, an “overemphasis on the importance of [teachings of prior art]” has insulated the Board’s analysis from pragmatic and common sense considerations that are so essential to the obviousness inquiry. KSR, 550 U.S. at 419, 127 S.Ct. 1727. The Board’s approach relegates one of ordinary *1388 skill ■ to an automaton. Should this approach become commonplace, it would lower the obviousness bar and hence hinder competition and innovation. That is why, unlike the majority, I do not see any room for deference to the Board’s determination in this case.
I respectfully dissent.

. The finger hole in Ellis is on the side of the box, not on top. The Board has already determined, however, that placing the finger flap on the top surface would have been obvious in view of another piece of prior art (German'718). J.A.20.